IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04769-RBJ

SUSHMITA KUMAR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Sushmita Kumar's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

The Petition alleges that Petitioner is an Indian citizen currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2. On or about May 11, 2024, Petitioner entered the United States as a nonimmigrant exchange visitor. *Id.* Petitioner was authorized to stay in the country until June 19, 2025. *Id.*

Petitioner continued to live in Colorado, attend college, and sustain full-time employment. *Id.* The Petition states that there is no evidence of Petitioner having any criminal conduct, attempts to flee, or deliberate failures to appear. *Id.* On

November 17, 2024, Petitioner filed a timely asylum application with the United States Citizenship and Immigration Service under the Convention Against Torture based on "persecution, kidnapping, extortion, and serious threats experienced by [Petitioner] and their family in India." *Id.* at 2, 8. This case remains pending and is scheduled for a final hearing on the merits on October 20, 2026. *Id.*

On August 18, 2026, Respondents detained Petitioner while she was traveling as a passenger in a vehicle. *Id.* at 7, 10. Petitioner maintains that she had not received a Notice to Appear ("NTA") in immigration court or an I-200 warrant for her arrest and that Respondents did not allege any release violation or material change in circumstance. *Id.* Respondents served Petitioner with an NTA the day after her arrest which states that she is subject to removal for remaining in the country "for a time longer than permitted." *Id.*; ECF No. 1-2 at 11.

The Petition challenges the constitutional adequacy of the process supporting Petitioner's present detention. ECF No. 1 at 3. Petitioner requests that this court order her immediate release subject to reasonable noncustodial conditioners, or, alternatively, order a bond hearing. *Id.* In support, the Petition asserts that Petitioner's arrest without a warrant violated her constitutional rights and her continued detention lacks the special justification required. *Id.* at 8-15.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or

transferring her out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of Petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Thursday, October 1, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted).

Dated: September 28, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge