IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04769-RBJ

SUSHMITA KUMAR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Sushmita Kumar's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring her current immigration detention unlawful and asks this Court to order her release. *Id.* at 3. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 5 at 1-2. If so, Respondents state that the appropriate relief would be to order Petitioner's release. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release her.

## I. Background

The Petition alleges that Petitioner is an Indian citizen currently detained by Immigration and Customs Enforcement at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2. On or about May 11, 2024, Petitioner entered the United States as a nonimmigrant exchange visitor. *Id.* Petitioner was authorized to stay in the country until June 19, 2025. *Id.*

Petitioner continued to live in Colorado, attend college, and sustain full-time employment. *Id.* The Petition states that there is no evidence of Petitioner having any criminal conduct, attempts to flee, or deliberate failures to appear. *Id.* On November 17, 2024, Petitioner filed a timely asylum application with the United States Citizenship and Immigration Service under the Convention Against Torture based on "persecution, kidnapping, extortion, and serious threats experienced by [Petitioner] and their family in India." *Id.* at 2, 8. This case remains pending and is scheduled for a final hearing on the merits on October 20, 2026. *Id.*

On August 18, 2026, Respondents detained Petitioner while she was traveling as a passenger in a vehicle. *Id.* at 7, 10. Petitioner maintains that she had not received a Notice to Appear ("NTA") in immigration court or an I-200 warrant for her arrest, and that Respondents did not allege any release violation or material change in circumstance. *Id.* Respondents served Petitioner with an NTA the day after her arrest which states that she is subject to removal for remaining in the country "for a time longer than permitted." *Id.*; ECF No. 1-2 at 11.

On September 25, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner asserts that her arrest without a warrant was unconstitutional, and her continued detention lacks specific justification required by the Constitution and United States law. *Id.* at 12-17.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Respondents have offered no evidence or argument to undermine Petitioner's allegations that her arrest and continued detention is unlawful, and their response brief effectively concedes as much. ECF No. 8. The Court has seen no evidence that would justify Petitioner's warrantless arrest. Indeed, the present record reflects that she has no criminal record, has no immigration violations or deliberate failures

to appear, and was not the one driving the vehicle when she was stopped. ECF No. 1 at 2, 7, 10. Furthermore, Respondents have provided no justification for Petitioner's continued detention. The Court therefore concludes that Petitioner's detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is the appropriate remedy in this case if the Court grants the writ. ECF No. 5 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on her own recognizance within 48 hours of this Order.

2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: October 8, 2026

BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, they are directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.